CHARLES BENT & another *vs.* ROLUN HARTSHORN.

A writing in these words, " I agree to be responsible for the price of goods purchased of you, either by note or account, by H. H. at any time hereafter, to the amount of $ 1000," is a continuing guaranty, to that extent, for goods to be at any time sold to H. H. before the credit is recalled.

ASSUMPSIT on this guaranty, viz.   " Boston, June 21st, 1833.   Messrs. Bent & Bush.   I hereby agree to be responsible for the price of hats and other goods purchased of you, either by note or account, by H. Hartshorn at any time hereafter, to an amount not exceeding one thousand dollars.   Rolun Hartshorn."

The parties submitted the case to the court on the following facts :  " In 1833, Harvey Hartshorn, brother of the defendant, wished to obtain credit of the plaintiffs to enable him to carry on business.   The defendant, to enable his said brother to obtain, and to induce the plaintiffs to give, such credit, signed and delivered to them the above letter.   The plaintiffs accepted the same, (of which the defendant had notice,) and proceeded to sell hats and other goods to said H. Hartshorn, to a considerable amount He made sundry payments to the plaintiffs, on account of the goods so sold to him, to the amount of more than $ 1000, which were credited to his account, generally ; but there is still due from him to the plaintiffs, and constantly has been, ever since about the time when he commenced dealing with them, more than $ 1000 for goods sold and delivered.   H. Hartshorn died in January, 1837, and his estate is insolvent.   Payment of $ 1000 was demanded and refused before action brought.

" The plaintiffs insist that the guaranty is a continuing one, and that, as no notice was given them by the defendant, that he revoked the same, or would not be bound thereby, they are entitled to recover $ 1000.   The defendant contends, that said letter is

not a continuing guaranty ; but that said H. Hartshorn, having purchased goods of the plaintiffs to the amount therein mentioned, and paid them, on account, a sum equal to that amount, the defendant's obligation on the guaranty was thereby discharged. And this is the only question between the parties.

" The defendant is to be defaulted, or the plaintiffs to be non suit, as the court shall decide this question."

*B. Rand*, for the plaintiffs, cited *Bastow* v. *Bennett*, 3 Campb 220. *Clark* v. *Burdett*, 2 Hall, 197. *Nicholson* v. *Paget*, 1 Crompt. & Mees. 48. *Allan* v. *Kenning*, 9 Bing. 618, and the cases referred to in the opinion of the court.

*Crowninshield*, for the defendant, cited *Melville* v. *Hayden*, 3 Barn. & Ald. 593. *Cremer* v. *Higginson*, 1 Mason, 336. *Rogers* v. *Warner*, 8 Johns. 119. *Bovill* v. *Turner*, 2 Chit. R. 205. *Kirby* v. *Duke of Marlborough*, 2 M. & S. 18. *Aldricks* v. *Higgins*, 16 S. & R. 212.

SHAW, C. J. The question upon the facts stated is whether the undertaking by the defendant, in behalf of his brother, was a continuing guaranty, or whether it was at an end when the plaintiffs had once sold goods to Harvey Hartshorn, to the amount of one thousand dollars.

In cases of this description, not much aid can be derived from decided cases, because each case must depend mainly upon the terms of the instrument, and it is scarcely possible that one instrument should be in precisely the same terms as another. The rule, as in other cases, must be to look at the whole instrument, and the circumstances and relations in which the parties stand to each other, at the time of entering into the contract, and therefrom to ascertain the intent of the parties ; and the intent, when thus ascertained, must govern the construction of the contract. The principle to be extracted from numerous decided cases, we think is this ; that when by the terms of the undertaking, by the recitals in the instrument, or by a reference to the custom and course of dealing between the parties, it appears that the guaranty looked to a future course of dealing for an indefinite time, or a succession of credits to be given, it is to be deemed a continuing guaranty, and the amount expressed is to limit the

amount for which the guarantor is to be responsible, and not the amount to which the dealing or whole credit given is to extend *Mason* v. *Pritchard*, 12 East, 227. *Merle* v. *Wells*, 2 Campb 413. *Douglass* v. *Reynolds*, 7 Pet. 113. *Simpson* v. *Manley*, 2 Tyrw. 86. *Hargreave* v. *Smee*, 6 Bing. 244. In the present case, the defendant agrees with the plaintiffs to be responsible for the price of hats and other goods purchased either by note or account by Harvey Hartshorn at any time thereafter, not exceeding in all the sum of $1000. The words *at any time hereafter*, leave it indefinite as to time, and it must continue at least until the guarantor gives notice that he will be no longer liable. The limitation of $1000 is not a limit of the amount to be purchased of the plaintiffs, but of the amount of the guarantor's responsibility. Thus construed, it is an undertaking to guaranty the payment for any goods, to be afterwards purchased, provided only that such responsibility as guarantor should not exceed in all $1000. Thus construed, it is clearly a case of continuing guaranty, and therefore, although the first $1000 worth of goods purchased were paid for by the purchaser, yet the guaranty extended to other goods subsequently taken up and not paid for, when the principal died insolvent ; and the opinion of the court is that the plaintiffs are entitled to recover.

*Defendant defaulted.*